UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

| | |
|---|---|
| CHARLES E. AUSTIN et al., | CASE NO. 4:01-cv-0071 |
| Plaintiffs, | |
| vs. | ORDER AND OPINION |
| | [Resolving Doc. Nos. 655, 681, 696] |
| REGINALD WILKINSON et al., | |
| Defendants. | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court are three motions: (1) the Defendants' motion to Terminate the Stipulation for Injunctive Relief [Doc. 655]; (2) the Plaintiffs' motion to extend the medical provisions of the Stipulation for Injunctive Relief until July 7, 2007 [Doc. 681]; and (3) the Defendants' motion to terminate the medical provisions of the Stipulation for Injunctive Relief [Doc. 696]. For the reasons stated below, the Court GRANTS the Defendants' motion to terminate the Stipulation for Injunctive Relief, DENIES the Plaintiffs' motion to extend the medical provisions of the Stipulation for Injunctive Relief until July 7, 2007, and GRANTS the Defendants' motion to terminate the medical provisions of the Stipulation for Injunctive Relief.

**I. Background**

The Court has described this case's underlying facts several times previously. For a thorough iteration of those facts, the Court directs the reader specifically to the Court's March 26, 2002 Order approving the Stipulation for Injunctive Relief [Doc. 259] and its March 21, 2006 Order

-1-

Case No. 4:01-cv-0071
Gwin, J.

and Opinion [Doc. 659]. The Court briefly relates the relevant procedural history below.

On January 9, 2001, the Plaintiffs filed suit against Defendant Ohio, saying that their conditions of confinement at the Ohio State Penitentiary ("OSP") presented an atypical and significant hardship when compared with the normal incidents of prison life. The Plaintiffs said that Ohio imposed these conditions without Due Process of Law as guaranteed by the Fourteenth Amendment. On February 25, 2002, this Court found that the Plaintiffs enjoyed a constitutionally protected liberty interest in avoiding confinement at OSP [Doc. 227]. On March 26, 2002, this Court granted the Plaintiffs injunctive relief, which was to continue for two years [Doc. 259]. On April 5, 2002, the Court approved the parties' Stipulation for Injunctive Relief [Doc. 265].[1]

Ohio appealed the Court's March 26, 2002 Order to the Sixth Circuit Court of Appeals and then to the Supreme Court. Both courts held, as this Court did, that the Plaintiffs enjoyed a protected liberty interest in avoiding confinement at OSP. 545 U.S. 209, 125 S.Ct. 2384, 2395 (2005); 372 F.3d 346, 355 (6th Cir. 2001). The Supreme Court, however, reversed part of this Court's procedural order and remanded the case. 545 U.S. 209.

On November 22, 2005, Judge Beckwith of the Southern District of Ohio issued an order in *Fussell v. Wilkinson* that approved the parties' Stipulation for Injunctive Relief. 2005 WL 3132321 (S.D. Ohio Nov. 22, 2005). In that case, Ohio Department of Rehabilitation and Corrections inmates with "serious medical and dental needs" petitioned for "unimpeded access" to appropriate health care, healthy food, and health education. *Id.* at *1. The court found the jointly proposed settlement

---

[1] The stipulation provides, among other things, that "any inmate who meets the exclusionary criteria [for mental illness as described in Department policies] should not be transferred to OSP, and that any inmate currently housed at OSP who, after evaluation, is deemed to meet exclusionary criteria should be transferred to another institution." (Apr. 5, 2002 Inj. Rel. ¶ 17.) Notwithstanding this Order's other language, this prohibition on housing inmates with mental illness at OSP shall remain in force.

Case No. 4:01-cv-0071
Gwin, J.

agreement to be fair, adequate, and reasonable, and approved it without a trial. *Id.* at \*3-\*4. The agreement called for, *inter alia*, a system-wide monitoring system to ensure compliance with the terms of the judgment.

On December 19, 2005, following the *Fussell* judgment, Ohio filed a motion to terminate the Stipulation for Injunctive Relief in this case [Doc. 655]. The Plaintiffs filed a brief in opposition [Doc. 656]. On June 19, 2006, the Plaintiffs filed a motion to extend the medical provisions of the Stipulation for Injunctive Relief until July 7, 2007 [Doc. 681]. On July 28, 2006 the Defendants filed another motion to terminate the medical provisions of the Stipulation for Injunctive Relief [Doc. 696] and an opposition to the Plaintiffs' motion [Doc. 681] to extend the medical provisions of the Stipulation for Injunctive Relief [Doc. 697].

The Court considers the several motions over the continuation or termination of the medical provisions of the April 5, 2002 stipulation for injunctive relief.

## II. Legal Standard

The Prison Litigation Reform Act ("PLRA"), 18 U.S.C. § 3626 *et seq.*, governs the standard for continuing or terminating injunctive relief in prison litigation. *Id.* § 3626(b)(1). The PLRA provides that prospective relief will generally remain in effect for two years and terminate on the defendant's motion at the end of the prescribed period. *Id.*

A court may continue the prospective relief if it finds that (1) such relief remains necessary to correct a current and ongoing violation of a federal right and (2) that the prospective relief is narrowly drawn and the least intrusive means necessary to correct the violation. *Id.* § 3626(b)(3). Because Ohio has moved for termination of the prospective relief, the Court determines whether that relief "remains necessary to correct a current and ongoing violation of a Federal right." *Id.* If such

Case No. 4:01-cv-0071
Gwin, J.

a violation is found and the Court determines that prospective relief is necessary to correct it, the Court must order relief that "is narrowly drawn and the least intrusive means necessary." *Id.*

### III. Analysis

In support of its motion, Ohio argues that relief is no longer appropriate because there remain no current and ongoing violations of OSP inmates' right to medical care. Ohio further argues that the *Fussell* Stipulated Judgment ensures adequate system-wide medical and dental care, thus rendering this Court's oversight redundant. (Defs.' Mot. Term. Stip. Inj. Relief 6.)

The Plaintiffs oppose the motion and move for a one-year continuation of the prospective relief. The Plaintiffs disagree with the Defendants' position, arguing that Ohio is committing ongoing violations of the prisoners' federal rights. Specifically, they say that Ohio is violating the inmates' Eighth Amendment right to be free from Cruel and Unusual Punishment. The Plaintiffs concede, however, that the *Fussell* stipulation will generally provide oversight to monitor and address potential future issues. (Pls.' Mem. Opp'n  Defs.' Mot. Terminate Stip. Inj. Relief 1.)

The Court finds that termination of the stipulated injunctive relief is appropriate at this point. This is so for two reasons. First, the Plaintiffs have failed to show that any continuing medical care delivery problems rise to Eighth Amendment violations. Second, the Court believes that the *Fussell* stipulation will provide adequate oversight and protection against inadequate future medical care. The Court articulates the rationale for these findings.

**A. Eighth Amendment Violations**

The Plaintiffs say that Ohio continues to violate the Plaintiffs' federal right to healthcare primarily by disrupting prisoners' health care access and treatment. Specifically, the Plaintiffs allege that prison officials have denied appropriate prisoners referrals to the doctor's sick call.

Case No. 4:01-cv-0071
Gwin, J.

Moreover, they say that prison officials have not adequately addressed the long delays of prisoner-patients' waiting to see a doctor. Second, the Plaintiffs contend that prison guards and officials continue to breach prisoner confidentiality by being present during doctor's sick call. Additionally, the Plaintiffs allege that the medical staff interferes with treatment delivery by failing to timely fill prescriptions and discontinuing certain prescriptions without any medical examination. The Plaintiffs finally allege that OSP's lack of a chief medical officer further exacerbates these shortcomings. (Pls.' Mem. Opp'n Defs.' Mot. Terminate Stip. Inj. Relief 2.)

The Plaintiffs' allegations, if true, raise some genuine concerns about the inmates' access to quality health care, but they do not rise to Eighth Amendment violations. Courts have made it clear that "[t]he Eighth Amendment is not a basis for broad prison reform." *Hallett v. Morgan*, 296 F.3d 732, 745 (9th Cir. 2002) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982)). "[The Eighth Amendment] requires neither that prisons be comfortable nor that they provide every amenity that one might find desirable. Rather, the Eighth Amendment proscribes only the 'unnecessary and wanton infliction of pain.'" *Id.* (quoting *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)). Further, punishment is only Cruel and Unusual where it is "so totally without penological justification that it results in the gratuitous infliction of suffering." *Id.*

Where, as here, a plaintiff specifically alleges that lack of access to prison medical care constitutes Cruel and Unusual Punishment, the plaintiff faces a high standard: "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are serious." *Harris v. Kowalski*, 2006 WL 1313863, at *6 (W.D. Mich. May 12, 2006) (quoting *Hudson v. McMillian*, 503 U.S. 1 (1992)).

Case No. 4:01-cv-0071
Gwin, J.

To show a constitutional violation of a prisoner's right to medical care, a plaintiff must satisfy both an objective and subjective test. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991). To fulfill the objective portion, a plaintiff must first show "that the medical need at issue is 'sufficiently serious.'" *Comstock v. McCrary*, 243 F.3d 693, 702 (6th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

To satisfy the subjective component, a plaintiff must further show that the defendant "subjectively perceived facts from which to infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk." *Id.* at 703. To show deliberate indifference, a prisoner must show that prison officials "'den[ied], delay[ed], or intentionally interfere[d] with medical treatment'" in addressing a prisoner's serious medical needs *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir.1992) (quoting *Hunt v. Dental Dep't*, 865 F.2d 198, 201 (9th Cir. 1989)). Therefore, prison officials violate a prisoner's Eighth Amendment right to medical care only when they "are deliberately indifferent to the prisoner's serious medical needs" *Comstock*, 243 F.3d at 702.

The Plaintiffs have failed to meet this high standard. The Plaintiffs offer evidence that inmates continue to experience breaches in doctor-patient confidentiality, alterations to their prescriptions without medical examination, and long delays before seeing the doctor or having prescriptions filled. (Pls.' Mem. Opp'n Defs.' Mot. Terminate Stip. Inj. Relief 2.) Though these allegations should trouble the prison officials responsible for their care, the allegations do not meet the objective test standards. The allegations do not clearly show that these prisoners' medical needs were sufficiently serious, nor do they demonstrate that Ohio's failure to address those needs inflicted pain or caused unnecessary suffering. Moreover, the Plaintiffs have not presented facts showing that

-6-

Case No. 4:01-cv-0071
Gwin, J.

prison officials acted with deliberate indifference.

Therefore, the Plaintiffs have not shown an ongoing violation of their Eighth Amendment rights. Finding no current and ongoing federal rights violation, Ohio's motion to terminate the injunctive relief must be granted.

## B. The *Fussell* Stipulation

The *Fussell* stipulation provides additional grounds for granting Ohio's motion. As noted above, *Fussell* is a class action lawsuit challenging the medial care delivery in Ohio's prison system. Under the terms of the settlement agreement, Ohio must provide prisoners with system-wide medical and dental services at "a level within the framework of the Eighth Amendment and consistent with generally accepted medical science and of a quality acceptable within prudent professional standards." (Defs.' Mot. Terminate Stip. Inj. Relief Ex. E 7.) The *Fussell* stipulation also creates a multi-disciplinary Medical Oversight Committee responsible for monitoring the prison system's administration of medical and dental care and enforcing terms of this stipulation.

Ohio argues–and the Plaintiffs do not dispute–that this procedure adequately protects inmates against potential future abuses. The Plaintiffs, however, state that the *Fussell* Stipulation's protections are not currently in effect at OSP. (Pls.' Mem. Opp'n Defs.' Mot. Terminate Stip. Inj. Relief 3.) However, as stated above, the Court finds no current and ongoing violations of the inmates' federal rights. Should such violations arise in the future, the *Fussell* stipulation provides the inmates with sufficient means to protect their federal rights. Like the stipulation at issue here, the *Fussell* stipulation will suffice to deter–and correct, if necessary–any future violations.

## IV. Conclusion

For these reasons the Court does not find that prospective relief "remains necessary to correct

Case No. 4:01-cv-0071
Gwin, J.

a current and ongoing violation of the Federal right." Therefore the Court **GRANTS** the Defendants' motion to terminate the Stipulation for Injunctive Relief. The Court **DENIES** the Plaintiffs' motion to extend the medical provisions of the Stipulation for Injunctive Relief until July 7, 2007. Finally, the Court **GRANTS** the Defendants' motion to terminate the medical provisions of the Stipulation for Injunctive Relief.

      IT IS SO ORDERED.


Dated: August 3, 2006                                      s/          *James S. Gwin*
                                                                               JAMES S. GWIN
                                                                               UNITED STATES DISTRICT JUDGE