UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
CHARLES E. AUSTIN et al.,                 :   CASE NO. 4:01-CV-71
                                          :
        Plaintiffs,                       :
                                          :
vs.                                       :   OPINION & ORDER
                                          :   [Resolving Docs. No. 672]
REGINALD WILKINSON et al.,                :
                                          :
        Defendants.                       :
                                          :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Order and Opinion, the Court decides whether to grant Plaintiffs' motion for leave to file a Second Amended Complaint to add new constitutional claims for "longtermers," a subset of the initial class of plaintiffs who originally sought redress in January and April of 2001 against Defendants' then-existing incarceration policies and procedures.

On May 18, 2006, Plaintiffs Charles E. Austin et al. moved the Court for leave to file a Second Amended Complaint under Rule 15 of the Federal Rules of Civil Procedure. [Doc. 672.] This motion came more than five years after Plaintiffs moved the Court for leave to file their First Amended Complaint for Declaratory Judgment and Injunctive Relief. [Doc. 19.] On June 19, 2006, Defendants Reginald Wilkinson et al. filed opposition to Plaintiffs' motion. [Doc. 682.] For the reasons presented below, the Court **DENIES** Plaintiffs' motion for leave to file a Second Amended Complaint.

I. Background

Case No. 4:01-CV-71
Gwin, J.

Plaintiffs bring this motion extremely late in what has become an important case regarding prisoners' due process rights. In January 2001, Plaintiffs filed their initial Complaint pursuant to Section 1983 of Title 42 of the United States Code seeking certification as a class and alleging that Defendants violated their civil rights guaranteed by the Eighth and Fourteenth Amendments. [Doc. 1.] In April 2001, Plaintiffs filed their First Amended Complaint for Declaratory Judgment and Injunctive Relief asking, *inter alia*, that the Court issue a preliminary and permanent injunction to enjoin the Defendants from "continuing to operate the [Ohio State Penitentiary ("OSP")] in a manner that violates the rights of the Plaintiffs and their class . . .." [Doc. 19.] With their First Amended Complaint, the Plaintiffs made procedural due process claims, and Eighth Amendment Claims. *Id.* On May 10, 2001, Defendants answered Plaintiffs' First Amended Complaint. [Doc. 27.] For the next three and one-half years, the parties litigated the issue of Plaintiffs' procedural due process rights within the context of Ohio's penological system.

Through that litigation, and important to this motion, the parties settled the claims of Eighth Amendment violation. In their Amended Complaint, the Plaintiffs had alleged that Defendants violated their Eighth Amendment rights when Defendants failed to provide adequate medical treatment, when Defendants housed inmates with serious mental illness at OSP, and when Defendants failed to provide any outdoor recreation. [Doc. 19.] Early in 2002, Plaintiffs settled these Eighth Amendment claims. [Doc. 220.] In that settlement, Defendants agreed to injunctive relief regarding the provision of medical care, forbidding the housing of seriously ill inmates at OSP, and agreeing to provide future outdoor recreation. *Id.*

After the parties settled the Eighth Amendment claims, both sides conducted discovery and then proceeded to trial on Plaintiffs' procedural due process claims. With those claims, the Plaintiffs

-2-

Case No. 4:01-CV-71
Gwin, J.

argued that placement at OSP constituted an atypical and significant hardship and that Plaintiffs were entitled to a hearing before placement at OSP or retention at OSP. On February 25, 2002, after receiving testimony from more than twenty witnesses and more than one thousand pages of exhibits, this Court agreed. *See Austin v. Wilkinson*, 189 F. Supp. 2d 719 (N.D. Ohio 2002). Defendants appealed. [Doc. 268.] In October 2003, both sides argued their case before the Sixth Circuit and, in June 2004, the Court of Appeals agreed, in major part, with the decision of this Court. *See Austin v. Wilkinson*, 372 F.3d 346 (6th Cir. 2004).

On December 10, 2004, the United States Supreme Court issued a writ of certiorari to consider the issue of whether the plaintiff class had a protected liberty interest under the Fourteenth Amendment that required a hearing before inmates were placed at OSP. [Doc. 520.] Restating, the parties asked this District Court, the Sixth Circuit Court of Appeals, and the Supreme Court to examine procedural due process claims. After settling their Eighth Amendment claims and agreeing to injunctive relief regarding medical care, outdoor recreation and keeping seriously mentally ill inmates out of OSP, Plaintiffs made no other Eighth Amendment claims. Before the Supreme Court, the entire plaintiff class argued that the Ohio State Penitentiary's detention policies violated their procedural due process rights. *See Wilkinson v. Austin*, 545 U.S. 209 (2005). The Supreme Court affirmed in part, reversed in part, and remanded. *Id.* at 230. On remand, this Court addressed the case's procedural due process issues. [Docs. 699, 702.] Thus, until this motion, Plaintiffs neither singled-out the "longtermers" as a subset of the class action, nor argued substantive due process or Eighth Amendment claims before the Court. *See id.* at 218-19.

With their instant motion, Plaintiffs seek to add a new claim against Defendants, saying that their Second Amended Complaint deals "solely with a serious problem that has arisen since the

-3-

Case No. 4:01-CV-71
Gwin, J.

filing of their First Amended Complaint." [Doc. 672.] Namely, Plaintiffs claim that "Defendants' practice of indefinitely confining 'longtermers' under conditions of atypical and significant hardship without meaningful periodic review violates substantive due process and . . . imposes cruel and unusual punishment." *Id.* Plaintiffs note that "[t]his Court has authority to issue appropriate declaratory and injunctive relief, but the precise character of the injunctive relief need not be determined at this time, because the first step is to decide whether or not there is a constitutional violation." *Id.* Plaintiffs ask for leave to amend to "squarely present this question." *Id.*

Defendants oppose Plaintiffs motion, saying that it "generates undue delay, undue prejudice and presents claims that are futile." [Doc. 682.] Defendants ask the Court to deny Plaintiffs' motion because it presents new legal claims "based on injunctive relief that [Plaintiffs] crafted, requested and obtained" during the past five-years of litigation. *Id.* Further, Defendants say that Plaintiffs' motion for leave to file a Second Amended Complaint "is the functional equivalent of initiating a new class action." *Id.* Defendants assert that "Plaintiffs' proposed amended claims will change the legal and factual basis of this action. As a consequence, Defendants will have to file responsive pleadings, revisit the class certification issue, conduct discovery, and prepare for and defend at trial." *Id.* As such, the Court should dismiss Plaintiffs' motion because it unduly prejudices Defendant in this procedural due process case, which involved "[t]housands of pages of documents . . . produced in discovery" and expended "hundred of hours of time and resources on both sides . . .." *Id.*

## II. Legal Standard

After a defendant files a responsive pleading, a plaintiff may only amend his complaint by leave of the court. FED. R. CIV. P. 15(a). Leave to amend should be "freely given when justice so requires." *Id.*

-4-

Case No. 4:01-CV-71
Gwin, J.

The Supreme Court has articulated the general standard for Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). A court must examine the *Foman* factors in light of the directive of Rule 1 of the Federal Rules of Civil Procedure that the rules "are to be construed to secure the just, speedy, and inexpensive determination of every action." FED. R. CIV. P. 1; *Foman*, 371 U.S. at 182. The decision whether "justice so requires" the amendment is at the district court's sound discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

Expanding on *Foman* and *Zenith Radio*, the Sixth Circuit has noted that:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citation omitted). *See also Moore v. City of Paducah*, 790 F.2d 557 (6th Cir. 1986); *Tefft v. Seward*, 689 F.2d 637 (6th Cir. 1982).

Stated differently, deciding if any prejudice to the opposing party is "undue" requires a court to focus on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing and ask if the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously. *See Duchon v. Cajon Co.*, 791 F.2d 43 (6th Cir. 1986) (*per curiam*).

Case No. 4:01-CV-71
Gwin, J.

III.  Analysis

Plaintiffs argue that the Court should allow their Second Amended Complaint as a vehicle to redress "Defendants' practice of indefinitely confining 'longtermers' under conditions of atypical and significant hardship without meaningful periodic review." Plaintiffs allege that Defendants' policies and procedures violate the Fifth and Eighth Amendment rights of the "longtermers." Plaintiffs admit that "these issues are nowhere raised in the original or First Amendment Complaint[,]" because they arose from policies implemented by Defendants "after the date on which the First Amended Complaint was filed."

Defendants counter that the Court should not grant Plaintiffs' motion because it generates "undue delay, undue prejudice and presents claims that are futile." Further, Defendants assert that Plaintiffs' requested Second Amended Complaint "piggy-backs" on the procedural due process issues litigated by the parties over the past five years. As a result, Defendants say that the Court should not allow Plaintiffs to pursue a claim "based upon injunctive relief that [Plaintiffs] crafted, requested and obtained."

In this case, and considering the advanced-stage of the parties' litigation, Defendants have the better argument. The discretion afforded by Rule 15(a) to the Court requires a balancing of competing interests and a judgment of which of those interests predominates. In this case, the interests of justice are best served by continuing the case on its present track. The parties have litigated this case's procedural due process issues "to the Supreme Court and back" and, as such, the case is nearer to its end than not. To allow Plaintiffs to assert new legal theories for a subset of the initial plaintiff class based on different facts than those that led to Plaintiffs' initial complaints in 2001 would unduly prejudice Defendants. The Court agrees that Plaintiffs' proposed amendment

Case No. 4:01-CV-71
Gwin, J.

"is the functional equivalent initiating a new class action." In this late stage of the parties' due process litigation, the Court seeks to promote repose to the parties and the law and, therefore, will not exercise its discretion to allow Plaintiffs their requested amendment.

Plaintiffs' assertion of the new claims would require Defendants to expend significant additional resources to conduct extensive discovery and prepare for trial on the substantive due process and Eighth Amendment allegations against them. Plaintiffs bring new causes of action not previously raised in, or explored through, discovery. The proposed amendment to the First Amended Complaint alleges that a subset of the plaintiff class has suffered significant constitutional injuries. These are entirely new matters unrelated to the procedural due process proceedings which that have already taken place in this case. Indeed, the events which give rise to the amendment took place years after the events which give rise to the original and First Amended Complaint.

Further, granting Plaintiffs' motion would significantly delay the resolution of the parties' existing dispute, which is nearly complete. Plaintiffs' late-date request would thwart "the just, speedy, and inexpensive determination" of the complex and thoroughly-litigation due process issues between the parties.

After balancing these controlling factors, the additional expense which would be incurred due to further discovery and the delay that would result from granting this motion, establish that Defendants would be substantially prejudiced by granting this motion. A court may properly deny motions to amend complaints, which were filed well into or after completion of the initial discovery process, and which would necessitate further expense and discovery on the part of the opposing party, or greatly modify the issues to be tried. *Head v. Timken Roller Bearing Co.*, 486 F.2d 870 (6th Cir. 1973); *Troxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968 (6th Cir. 1973).

Case No. 4:01-CV-71
Gwin, J.

Thus, based on the requirements of the Federal Rules of Civil Procedure, the directives of the *Foman* Court, and the Sixth Circuit's standard as to what constitutes "prejudice" under Rule 15(a) of the Federal Rules of Civil Procedure, an amendment at this stage of the proceedings, presenting new factual bases and legal theories for recovery, would result in substantial prejudice to Defendants. Accordingly, after balancing the equities between the parties, the Court denies Plaintiffs' second motion to amend their complaint.

The Court notes that, in denying Plaintiffs' request, it does not base its decision on consideration of the merits of Plaintiffs' claims. As a result, this decision does not foreclose any other equitable or legal remedies available to the "longtermers" for any alleged violations to their constitutional rights.

## IV. Conclusion

For these reasons, the Court **DENIES** Plaintiffs' motion for leave to file a Second Amended Complaint.

IT IS SO ORDERED.

Dated: December 4, 2006   s/ *James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE