UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

| | : | |
|---|---|---|
| CHARLES E. AUSTIN, et al., | : | CASE NO. 4:01-CV-00071 |
| | : | |
| Plaintiffs, | : | |
| | : | |
| vs. | : | OPINION & ORDER |
| | : | [Resolving Docs. No. 755] |
| REGINALD A. WILKINSON, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this Opinion and Order, the Court decides whether to grant the motion of Charles E. Austin, et al. ("Plaintiffs") for an Order to Reopen Mental Health Claims pursuant to Federal Rule of Civil Procedure 60(b)(6). [Doc. 755.] With their motion, Plaintiffs ask the Court to vacate its September 1, 2004 Judgment that terminated enforcement of the mental health provisions of the Stipulation for Injunctive Relief. [Doc. 499.] Such an Order would reopen Plaintiffs' original Eighth Amendment mental health claims as against Defendants. [Doc. 755.] In support of their Rule 60(b)(6) motion, Plaintiffs say that they "believe that systemic violations of the Eighth Amendment rights" of the Ohio State Penitentiary's ("OSP") inmates "have resurfaced since this Court's Order terminating the mental health provisions of the Stipulation for Injunctive Relief." [Doc. 762.]

Defendants Reginald A. Wilkinson and others ("Defendants") disagree and say that Plaintiffs do not demonstrate their entitlement to their requested relief under Rule 60(b)(6)'s "extraordinary

-1-

Case No. 4:01-CV-00071
Gwin, J.

circumstances" standard. [Doc. 758.] As a result, Defendants request that the Court deny Plaintiffs' motion. *Id.*

For the reasons discussed below, the Court **DENIES** Plaintiffs' motion to vacate judgment.

**I. Background**

On January 8, 2002, the parties filed their proposed Stipulation for Injunctive Relief for alleged harms the Plaintiffs claimed arose from the OSP's medical care, mental health care, and outdoor recreation policies and practices. [Doc. 181.] On February 19, 2002, the parties jointly moved the Court for approval of their proposed settlement agreement. [Doc. 220.]

On April 5, 2002, the Court conducted a fairness hearing to consider whether "the proposed settlement is lawful, fair, reasonable, adequate and consistent with the public purpose." *See, e.g.*, Doc. 264 (citing *Bailey v. Great Lakes Canning, Inc.*, 908 F.2d 38, 42 (6th Cir. 1990); *Williams v. Vukovich*, 720 F.2d 909, 921 (6th Cir. 1983); *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996)).

At the April 5, 2002 fairness hearing, the Court considered the effect of its approval of the settlement on Plaintiffs, revisited the parties' previously-filed pleadings and memoranda, heard testimony from certain class members objecting to the settlement, and reviewed each of the written objections to the Stipulation for Injunctive Relief. *Id.* After the fairness hearing, the Court found the proposed settlement agreement "fair, reasonable, adequate and consistent with the public purpose." *Id.* The Court entered an Order that concluded:

> The Settlement Agreement [as contained in the proposed Stipulation for Injunctive Relief] is hereby approved and confirmed as being fair, reasonable, and adequate. The parties thereto are hereby directed to perform the Settlement Agreement in accordance with its terms.
>
> All claims for equitable relief against the settling defendants by anyone who might

fall within the Class are forever barred.

> The Court retains jurisdiction over the settlement of this case and may enter additional orders to effectuate the fair and orderly administration of the settlement and the Court's judgment as may from time to time be appropriate.

*Id.*

The Court then approved and entered the Stipulation for Injunctive Relief. [Doc. 265.]

On September 1, 2004, and pursuant to the parties' agreement, the Court entered a Stipulated Agreement and Order that in part terminated enforcement of the mental health provisions of the Stipulation for Injunctive Relief. [Doc. 499.] Both Plaintiffs' and Defendants' counsel indicated their approval of this Order on the face of the document. *Id.*

With their instant motion, and notwithstanding their approval of the April 5, 2002 Stipulation for Injunctive Relief and the September 1, 2004 Order terminating enforcement of the stipulation's mental health provisions, Plaintiffs request the Court "to reopen its jurisdiction over the mental health claims" of their First Amended Complaint, that became the subject matter of the parties' agreed-to Stipulation for Injunctive Relief. [Doc. 755-2.] Plaintiffs further ask the Court to provide a:

> period of evidentiary discovery (within which to seek information such as the number of suicide attempts at OSP in recent years and the mental health records of particular individuals, and to provide an opportunity to bring in a mental health expert), followed by an evidentiary hearing; and, if necessary and appropriate thereafter, to grant further narrowly tailored relief that extends no further than necessary to correct the harm and is the least intrusive means to correct the current and ongoing violation of Plaintiffs' Eighth and Fourteenth Amendment rights.

*Id.*

In opposing Plaintiffs' Rule 60(b)(6) motion, Defendants say that Plaintiffs fail to "present any legal authority to support their position that the alleged return of constitutional violations

following the termination of the enforcement of the mental health provisions of the Stipulation for Judgment constitutes 'extraordinary circumstances'" that would justify relief under the Federal Rules. [Doc. 758.] Defendants assert that Plaintiffs demonstrate neither that they have a meritorious claim, nor the necessity of the "extraordinary remedy" that they seek. *Id.* Finally, Defendants conclude that the Court's denial of Plaintiffs' instant Rule 60(b)(6) motion will not unfairly prejudice Plaintiffs "because this Court's prior [September 1, 2004] termination order does not bar [Plaintiffs] from pursuing their claims in a separate lawsuit. Since Plaintiffs can seek relief through a separate lawsuit, the usual remedy, they do not need the Rule 60(b)(6) 'extraordinary' remedy to do so." *Id.*

## II. Legal Standard

Federal Rule of Civil Procedure 60(b) provides relief from judgment or orders upon a showing of, *inter alia*, mistake, inadvertence, excusable neglect, fraud, and satisfaction. *See* FED. R. CIV. P. 60(b). Rule 60(b)(6) operates as a "catchall" by providing that "on motion and upon such terms as are just, the court may relieve a party . . . from final judgment, order, or proceeding . . . for . . . any other reason justifying relief from the operation of the judgment." FED. R. CIV. P. 60(b)(6).

Rule 60(b)(6) grants a court authority to provide relief from a judgment only when no other provision of the rule applies. *See Liljeberg v. Health Sers. Acquisition Corp.*, 486 U.S. 847, 863, n.11 (1988); *Klapprott v. United States*, 335 U.S. 601, 615 (1949). Rule 60(b)(6) "gives the district court power to vacate judgments 'whenever such action is appropriate to accomplish justice.'" *Klapprott*, 335 U.S. at 615. However, Rule 60(b)(6) warrants relief only under "extraordinary circumstances." *Ackermann v. United States*, 340 U.S. 193 (1950); *Liljeberg*, 486 U.S. at 864. *See*

Case No. 4:01-CV-00071
Gwin, J.

*also Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (noting that only "exceptional and extraordinary circumstances" warrant relief under Rule 60(b)(6)).

A court construes consent decrees and settlement agreements as binding covenants subject to the essential requirements of contract law. *See, e.g.*, *Parrot Mktg., Ltd. v. Fineline Properties.com, Inc.*, No. 5:02-CV-1765, 2006 WL 2679576, at *4 (N.D. Ohio Sept. 18, 2006); *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris, Inc.*, 35 F. Supp. 2d 582, 592 (N.D. Ohio 1999) (collecting cases). *See also State ex rel. Petro v. R.J. Reynolds Tobacco Co.*, 104 Ohio St. 3d 559, 564, 820 N.E.2d 910 (2004); *Marshall v. Beach*, 143 Ohio App. 3d 432, 435, 758 N.E.2d 247 (2001). A district court has inherent power to enforce an agreement entered into in settlement of litigation pending before it even if that agreement has not been reduced to writing. *See, e.g.*, *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1371 (6th Cir.) (citations omitted), *cert. denied*, 429 U.S. 862 (1976); *Bowater N. Am. Corp. v. Murray Mach.*, 773 F.2d 71, 77 (6th Cir. 1985) (citation omitted). Before enforcing settlements, the district court must conclude that the parties have reached agreement on material terms. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988).

Under Ohio law, the purpose of contract construction is to effectuate the intent of the parties, which is presumed to reside in the language they chose to employ in the agreement. *R.J. Reynolds*, 104 Ohio St. 3d at 564 (quotation and internal citation omitted). In contract interpretation, a party's external objective manifestation prevails over his private and unexpressed meaning. REST. 2D OF CONTRACTS § 212 cmt. a (1981). *See also Constr. Interior Sys., Inc. v. Marriott Family Rest., Inc.*, 984 F.2d 749, 754 (6th Cir. 1993). A party's unspoken, secret, or subjective intent is irrelevant. *N.Y. Cent. Ry. Co. v. Mohney*, 252 U.S. 152, 157 (1920); *Bach v. Friden Calculating Mach. Co.*, 155 F.2d 361, 365 (6th Cir. 1946). *See also Swaminathan v. Swiss Air Transp. Corp.*, 962 F.2d 387, 389 (2d

Case No. 4:01-CV-00071
Gwin, J.

Cir. 1992).

Faced with unambiguous terms of a contract, a court will not create a new agreement by finding an intent not expressed in the clear language employed by the parties. *Shifrin v. Forest City Enters., Inc.*, 64 Ohio St. 3d 635, 637, 597 N.E.2d 499 (1992). No legal or equitable remedy exists that will enforce an agreement never entered into, including those based on a party's unexpressed wishes. *Black v. Rudy*, No. 78-CA-23, 1978 WL 216351 (Ohio Ct. App. Nov. 22, 1978).

### III. Analysis

Plaintiffs premise their Rule 60(b)(6) motion on their "belief" that Defendants have adopted mental health care policies and procedures at the OSP that contravene inmates' Eighth Amendment rights against the imposition of cruel and unusual punishment. [Doc. 755-2, 762.] To support their contention, Plaintiffs offer some testimonial and other evidence that may tend to indicate harm to some of the OSP's inmates that resulted from their untreated mental illnesses while incarcerated at the prison. *Id.* Plaintiffs now seek to set aside terms of earlier contracts that they voluntarily entered into on April 5, 2002 and the Court's Order that terminated the parties' joint Stipulation for Injunctive Relief on September 1, 2004. *Id.*

Rule 60(b)(6) does not provide a basis for Plaintiffs to seek reversal of their willing participation in the April 5, 2002 and September 1, 2004 agreements. As the documents show, the agreed-to consent and settlement contain straightforward, unambiguous terms. Specifically, in the April 5, 2002 Stipulation for Injunctive Relief, Plaintiffs agreed to "resolve[ ] all issues, except for the classification/due process issues, between the Plaintiff Class and the Defendants arising out of the claims for declaratory and injunctive relief set forth in the First Amended Complaint filed with

Case No. 4:01-CV-00071
Gwin, J.

this Court on April 9, 2001." [Doc. 265.] These issues included "Medical Care," "Mental Health Care," "Outdoor Exercise Spaces," and "Security Restraints." *Id.*

The Court fully inquired into and memorialized the parties' agreement in its April 5, 2002 fairness hearing and entry of Order, and approval and entry of their joint Stipulation for Injunctive Relief. After entering into the April 5, 2002 stipulation, Plaintiffs and Defendants worked together to alter those policies and procedures at the OSP that the parties agreed provided less than ideal medical, mental, and physical care to the prison's inmates, particularly given the harsh, unusually restrictive conditions of the Supermax facility. On September 1, 2004, Plaintiffs appeared sufficiently satisfied with the care at the OSP that they entered into a second contract that terminated their complaints on mental health issues as against Defendants. By June 13, 2005, the Supreme Court recognized that "[i]n addition [to their classification/due process claims], the inmates brought a claim that certain conditions at OSP violated the Eighth Amendment's ban on cruel and unusual punishments, but that claim was settled in the district court . . . [and] is not before us." *Wilkinson v. Austin*, 545 U.S. 209, 218 (2005). Thus, Plaintiffs voluntarily agreed to a second contract that released Defendants from their previous complaints.

Plaintiffs may wish that they had agreed to different terms in the April 5, 2002 or September 1, 2004 consent decree and settlement agreement, but the Court can provide no legal or equitable recognition to that wish. *See, e.g.*, *Parrot Mktg., Ltd. v. Fineline Properties.com, Inc.*, No. 5:02-CV-1765, 2006 WL 2679576, at *4 (N.D. Ohio Sept. 18, 2006) (citation omitted). "The Court can only adjudge [Plaintiffs'] objective external expressions of their intent to be bound." *Id.* If Plaintiffs wanted different terms in their agreements with Defendants, they should have said so on April 5, 2002 and September 1, 2004. Plaintiffs did not and, thus, bound themselves by the objective,

Case No. 4:01-CV-00071
Gwin, J.

external, and express terms of their agreements.

This finding in no way detracts from the tragic events and seriousness of Plaintiffs' allegations and beliefs as described in their most recent motion. The OSP presents significant issues within the penological and legal communities. However, Plaintiffs' allegations and beliefs as presented in their latest pleading do not create the "extraordinary circumstances" required by Rule 60(b)(6) and upon which the Court can – or will – vacate its earlier judgments. The Court notes that its current finding does not unfairly prejudice Plaintiffs who may still pursue their claims in a separate lawsuit. However, with the Court's instant finding, it does decline Plaintiffs' invitation to reopen the mental health claims that they brought over five years ago and which they agreed as resolved through the Court's earlier findings and Orders.

### IV. Conclusion

For these reasons, the Court **DENIES** Plaintiffs' motion to vacate judgment.

IT IS SO ORDERED.

Dated: October 18, 2007       s/ *James S. Gwin*
                              JAMES S. GWIN
                              UNITED STATES DISTRICT JUDGE